WILLIAM McDONOUGH & wife *vs.* JAMES C. SQUIRE & wife.

A bill in equity to redeem land which the defendant holds by deed from the plaintiff may be maintained upon evidence that the deed, although absolute in form, was received by the defendant as security for a loan.

BILL IN EQUITY, filed April 10, 1868, by William McDonough and Mary, his wife, against James C. Squire and Sarah P. M., his wife, to set aside a deed of land from the plaintiffs to Sarah P. M. Squire, absolute in form, dated March 3, 1868, and purporting to be made in consideration of $4100 ; and to let in the plaintiffs to redeem the land as from a mortgage. Hearing before *Wells*, J., who made the following report of the case for the consideration of the full court :

" The case was submitted to a jury upon the following issues : 1. Did the defendants receive the deed made by the plaintiffs to the defendants as security for a loan of money ? 2. Did the defendants, or either of them, fraudulently refuse to make and

deliver to the plaintiffs, or to either of them, a bond conditioned to convey the land to the plaintiff Mary at the end of one year, upon the payment by the plaintiffs or by said Mary of the amount of money lent by the defendants to the plaintiffs, with interest thereon at the rate of twelve per cent. per annum?' A verdict was rendered answering both questions in the affirmative.

"Thereupon the plaintiffs moved for a decree declaring them to be entitled to redeem the premises, and to have a reconveyance thereof upon payment of such amount as should be found due, in such manner as the court might direct. The defendants, objecting to such decree, further moved that the verdict might be set aside, on the ground that it was contrary to the evidence and against the weight of the evidence. The parties having been fully heard thereon, and the matter and the several arguments of counsel having been considered by me, it was ordered and adjudged that the motion to set aside the verdict be overruled as to the first of said issues. And I report that I am satisfied with the verdict as rendered upon that issue. As to the second issue I report that there was some evidence competent to be considered in support of the verdict rendered, and such as might warrant a jury in so rendering it; so that if it were an ordinary issue in a suit at common law, not involving the setting aside of a formal instrument under seal, I should decline to interfere. But upon the whole evidence, and aside from said verdict, I am not satisfied that, at the time the deed was executed and delivered, there was or had been any explicit agreement that a bond such as is mentioned in the issue should be given; being of opinion that the preponderance of evidence was the other way.

"It appears to me, by inference from the testimony, that the defendants did not intend, and the plaintiffs did not expect, that there should be any right of redemption beyond the period for which the loan was made, to wit, one year. The amount of money advanced was $700, there being a mortgage of $3400, and no note or other evidence of debt was taken for the amount so advanced. There was evidence that shortly after delivering the deed the plaintiffs requested the defendants to give them a bond, and that the defendant James C. Squire promised several times

to do so, but failed; and some disagreement having arisen, he proceeded to eject them from the premises within the year and before default of payment, denying their right to redeem, and claiming an absolute title under the deed.

" Deeming the questions thus raised to be important for the consideration of the whole court, I reserve the same for their determination. If upon the verdicts so rendered the plaintiffs are entitled to a decree in their favor, it is to be entered accordingly; otherwise, such decree, order or further direction is to be made as shall to the court seem proper." ·

*J. F. Pickering,* for the plaintiffs.

*G. A. Somerby,* (*J. R. M. Squire* with him,) for the defendants,

WELLS, J. The case of *Campbell* v. *Dearborn,* 109 Mass. 130, was under consideration by the court at the time this was argued; that case having been held under advisement for a long time, and delayed in part for the sake of the aid that might be derived from the argument in this. The decision in that case disposes of this; and there must be a                *Decree for the plaintiffs.*