ALFRED S. RICHARDS v. LEWIS L. ARMS SHINGLE AND
LUMBER COMPANY ET AL.

*Equity—Vendor's lien—Parties.*

1. Courts of equity do not create liens upon lands to secure a party
for a breach of contract, whether under seal or not, when
there is no agreement for a lien between the parties.

2. Vendors' liens upon the sale of real estate are based upon an
implied agreement, and the circumstances of the sale must
show a case where it was the intention of the parties that the
sale was made and credit given for the purchase price in reliance
upon the lien.

3. The vendees of standing timber, who contracted to pay the
taxes upon the land, are necessary parties in a suit by the
vendor to declare such taxes a lien upon the timber for the
alleged failure of the vendees to pay said taxes, even though
they have sold the timber to third parties, as are their vend-
ees, who on a resale of the timber retained the title until it
was paid for.

Appeal from Mecosta. (Palmer, J.) Argued January
30, 1889. Decided February 8, 1889.

Bill to declare a lien in favor of complainant against
certain pine timber. Complainant appeals from decree
dismissing bill as against parties demurring. Affirmed.
The facts are stated in the opinion.

*Maher & Felker,* for complainant, contended: .

1. The sale of the timber was in legal effect a sale of real estate,
and is governed by the same rules; citing *Russell v. Myers,* 32
Mich. 522; *Wetmore v. Neuberger,* 44 Id. 362, 365; *Spalding v.
Archibald,* 52 Id. 367; *Owen v. Lewis,* 46 Ind. 488; *Putney v.
Day,* 6 N. H. 430; *Daniels v. Bailey,* 43 Wis. 566; *McGregor v.
Brown,* 10 N. Y. 114; *Slocum v. Seymour,* 36 N. J. Law, 138.

2. The right of a vendor of real estate to a lien thereon in the
nature of an equitable mortgage for any unpaid purchase money
is fully established in this State; citing *Carroll v. Van Rens-*

selaer, Har. Ch. 225; *Palmer v. Anderson*, 1 Doug. 422; *Sears v. Smith*, 2 Mich. 243; *Mowrey v. Vandling*, 9 Id. 39; *Converse v. Blumrich*, 14 Id. 109; *Palmer v. Sterling*, 41 Id. 218; *Hiscock v. Norton*, 42 Id. 320; *Clark v. Stilson*, 36 Id. 482, 487; *Ortmann v. Plummer*, 52 Id. 76; *Dunton v. Outhouse*, 64 Id. 419.

3. Although such a lien may not exist in behalf of any uncertain, contingent, or unliquidated demand (citing 3 Pom. Eq. Jur. § 1251; *Payne v. Avery*, 21 Mich. 524; *Clark v. Stilson*, 36 Id. 482), yet when money may become due upon a contingency (*e. g.* the completion of the railroad to the lands), a lien will attach upon the happening of the contingent event; citing *DeForest v. Holum*, 38 Wis. 516.

*Bunker & Carpenter*, for defendants demurring, Lewis L. Arms Shingle & Lumber Co. and Frank P. Smith, contended for the doctrine stated in the opinion.

CHAMPLIN, J. Complainant filed his bill of complaint in the court below, alleging that on May 14, 1883, he was the legal and equitable owner of certain lands in Mecosta county, aggregating 621.15 acres, and that on or about May 14, A. D. 1883, he made a contract in writing with Charles E. Eastman and William S. Nelson, by which he sold to said Eastman and Nelson all the pine timber then standing, growing, and being on said lands; that in and by said contract it was mutually agreed that said Eastman and Nelson should have six years in which to cut and remove said pine timber from said lands, if they desired, and that, if they completed the removal of said timber before the expiration of said six years, they should, as soon as they had finished the removal of what they intended to take off, notify complainant in writing of that fact, and that thereupon said contract should terminate; that in and by said contract it was further agreed by said Eastman and Nelson that they would, during the continuance of said contract, pay and discharge, in due season, all taxes of every kind and description laid upon

said lands after the year 1882, and until all of said timber should be removed therefrom.

That said contract was duly executed by the parties thereto, in the presence of two witnesses, who subscribed their names thereto as such witnesses, and was by your orator on May 14, 1883, duly acknowledged to and before a notary public, in and for said county of Kent, to be his free act and deed; and that afterwards, and on or about May 19, 1883, said contract was deposited for record in the office of the register of deeds for said county of Mecosta, and was recorded in Liber B, on page 191.

That since the making of said contract all of the valuable pine timber has been cut and removed from said lands, except that on the N. E. ¼ of the S. E. ¼, and the S. E. ¼ of the N. E. ¼, of section 36, in town 16 N., of range 9 W., and that the pine timber on said last-mentioned lands is being cut preparatory to removal, and is being removed from said lands.

That he is informed and believes that, after the making of said contract of sale by him and said Eastman and Nelson, the right, title, and interest of said Eastman and Nelson in and to the pine timber on said last-described lands were sold and conveyed by them, and prior to August 2, 1886, became the property of James T. Hurst and William E. Lacey; that on or about January 6, 1887, as appears by the records in the office of the register of deeds of said county of Mecosta, said Hurst and Lacey sold said timber to Eugene Chappell, and the firm of Plumb, McCausland & Co., composed of Frank C. Plumb, Benjamin W. McCausland, and Waldo A. Avery; that on or about March 31, 1887, said Frank C. Plumb sold and conveyed his interest in said timber to said Benjamin W. McCausland and Waldo A. Avery; and that on April 18, 1887, said Eugene Chappell, Benjamin W. McCausland,

and Waldo A. Avery contracted to sell said timber to the Lewis L. Arms Shingle & Lumber Company, a corporation under the laws of this State,—the said Chappell, McCausland, and Avery, however, retaining title to said timber until the payment of the purchase price of the same by said corporation.

Complainant alleges that default has been made in the payment of the taxes so agreed to be paid by said Eastman and Nelson as aforesaid; that no part of the taxes on said lands assessed thereon in the year 1886 were paid by said Eastman and Nelson, or by any other person or persons claiming by, through, or under them, as appears by the return of the township treasurer of the township where said lands are situated; and that on May 12, 1887, and in order to protect his title and interest in and to said lands, he paid the taxes so returned to the county treasurer as unpaid thereon, with interest and charges, amounting in all to the sum of $115.67.

That the taxes assessed on said premises for the year 1887 amount to the sum of $114.61 on the lands above described situated in township 16 N., of range 8 W., and the taxes on said above-described lands situated in township 16 N., of range 9 W., are unknown to your orator, but he believes that the same amount to about $100, and are now payable; and he believes that the persons now owning the timber on said N. E. ¼ of the S. E. ¼, and the S. E. ¼ of the N. E. ¼, of section 36, in town 16 N., of range 9 W., do not intend to pay said taxes, but design to cut and remove all of the pine timber on said last-mentioned premises, and to leave the said lands burdened with the said taxes; that said Frank P. Smith is engaged, with a considerable force of men and teams, in cutting and skidding logs and timber on the N. E. ¼ of the S. E. ¼, and the S. E. ¼ of the N. E. ¼, of section 36, in township 16 N., of range 9 W.,

and complainant is informed and believes that he is so doing under a contract with the said. Lewis L. Arms Shingle & Lumber Company.

Complainant prays that he may be decreed to have a lien upon the pine timber remaining upon the lands last above described in town 16 N., range 9 W., for the amount so paid by him for taxes assessed in the year 1886, and to secure payment of the taxes assessed on all of said premises in the year 1887, and the interest and charges, and for an injunction restraining the Lewis L. Arms Shingle & Lumber Company and Frank P. Smith from cutting or removing the pine timber from said land, and for a decree of sale to satisfy the amount so paid, and for further and other relief.

The defendant lumber company and Smith interposed a general demurrer to the bill for want of equity.

On January 9, 1888, the following stipulation was entered into:

"In this cause it is hereby stipulated, by and between the complainant and the defendants The Lewis L. Arms Shingle & Lumber Company and Frank P. Smith, by their respective solicitors, that a deposit of three hundred and fifty dollars ($350) be made by said defendants, with the register of said court, in lieu and place of the injunction order and bond given upon the order for the dissolution of said injunction; and that, upon the making of such deposit, said bond may be withdrawn from said register's office, and canceled,—the money so deposited to stand as indemnity and security for any amount that may be found due to the complainant in this cause, for and on account of his claim of lien upon the timber on the N. E. ¼ of the S. E. ¼ and the S. E. ¼ of the N. E. ¼, of section 36, in township 16 N., of range 9 W., and any costs that may be awarded to the complainant in this suit against the said defendants Lewis L. Arms Shingle & Lumber Company and Frank P. Smith."

And on January 23, 1888, the complainant voluntarily dismissed his bill of complaint as to defendants Eugene

Chappell, Benjamin W. McCausland, and Waldo A. Avery.
On September 18, 1888, the cause came on to be heard upon
the demurrer, and a decree was entered dismissing the
bill as against the parties demurring.

The complainant claims that the sale of the timber was
in legal effect a sale of real estate, and is governed by the
same rules, and that the agreement to pay the taxes upon
all of the lands covered by the contract was a part of
the consideration for the sale of the timber, and
the amount necessary for the payment of the
taxes, when ascertained, was as much a part of
the purchase money as any payments that might be pro-
vided for in such contract.    The difficulty with this con-
tention is that it is broader than the statements contained
in the bill of complaint.    There is no claim made in the
bill of complaint that the payment of taxes was a part of
the consideration or purchase price of the land sold to
Eastman and Nelson.    The statement in the bill nega-
tives any such inference, for it first sets forth the fact of
the sale of the timber to Eastman and Nelson, and, as
no purchase price or terms of payment are set out, the
inference is that it was paid for at the date of sale; and
then the bill sets up a further agreement to pay taxes,
without stating what the consideration of such further
agreement was.    The complainant does not in his bill set
forth or claim that there was any agreement for a lien on
the timber for the taxes, but asks the court to decree
a lien.    There are no averments that Eastman and Nel-
son are irresponsible, and no reason is set out why he
has not a complete remedy at law for breach of the con-
tract alleged.    Courts of equity do not create liens upon
lands to secure a party for a breach of contract, whether
under seal or not, when there is no agreement for a lien
between the parties.    Vendors' liens upon the sale of real
estate are based upon an implied agreement, and the cir-

-cumstances of the sale must show a case where it was the intention of the parties that the sale was made and -credit given for the purchase price in reliance upon the lien.

Had the bill otherwise made a case, the proper parties were not before the court. Neither Eastman nor Nelson were made parties. They had a right to dispute any -claim of lien, and the assertion that they had not paid the taxes. Chappell, McCausland, and Avery would be -directly affected by a decree of sale, since they sold the timber to the Lewis L. Arms Shingle & Lumber Company, and retained the title until it was paid for, and yet the complainant voluntarily dismissed the bill as to them.

There is no equity in the bill of complaint, and the -decree of the circuit court is affirmed, with costs.

The other Justices concurred.