SAMUEL TILDEN vs. FREDERICK P. GREENWOOD.

MILLICENT G. TILDEN vs. SAME.

SAMUEL TILDEN, administrator, vs. SAME.

SAME vs. SAME.

MAUD G. TILDEN vs. SAME.

JOHN G. TILDEN vs. SAME.

FREEMAN F. TILDEN vs. SAME.

Suffolk.   January 22, 23, 1889. — September 3, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Mortgage — Lease by Mortgagor — Fraudulent Representations —
Liability of Mortgagee — Agent.*

A mortgagee of a dwelling-house was *held* not liable for alleged misrepresentations as to its sanitary condition made by the mortgagor in possession in letting the same, in the absence of any evidence that he was acting as the agent of the mortgagee.

SEVEN ACTIONS OF TORT for false and fraudulent representations made by the defendant, between July 1 and July 6, 1886, whereby the first named plaintiff was induced to hire a dwelling-house infected with diphtheria, to the injury of himself and his wife and children, who, with himself as administrator of deceased children, were the other plaintiffs.   The cases were tried together in the Superior Court, before *Hammond*, J., who ruled upon the evidence that neither action could be maintained, and directed in each case a verdict for the defendant, and reported the cases for the determination of this court.   The material facts appear in the opinion.

*C. G. Fall*, for the plaintiffs.

*J. B. Richardson*, for the defendant.

C. ALLEN, J.   The ruling was a general one, that, on all the evidence, neither action could be maintained.   If, therefore, it is found that in any essential particular the case of each of the several plaintiffs fails, judgment must be entered on the verdict for the defendant.

The actions were originally brought against Frederick P. Greenwood, Charles Greenwood, and Adeline Greenwood; but, for some reason not stated, at the close of the evidence, the

plaintiff in each case discontinued as to all the defendants except Frederick P. Greenwood. The alleged misrepresentations upon which the several actions rest were made by Charles Greenwood alone, and the right to recover against Frederick must depend upon the production of evidence sufficient to show that he was bound by misrepresentations of Charles.

The evidence as to the interest of Frederick P. Greenwood in the house, and as to the agency of Charles and his authority to act for Frederick, is stated in full in the report. There was no controversy as to the facts. At the time when the house was let to Tilden, the record title stood in Frederick. He held his title under a deed given to him by Adeline Greenwood, in November, 1881, and a deed from Charles, given in June, 1882, in order to convey his possible interest as tenant by the curtesy; the agreement being that the property was conveyed to Frederick in order to secure him for loans, and upon payment of the same he was to reconvey the property. The three Greenwoods all testified to this agreement in substantially the same terms. There was no evidence to contradict their testimony, and it is obvious that it was accepted at the trial as correct. No suggestion to the contrary has been made in the argument. The agreement for the reconveyance apparently was oral. The amount of the loans by Frederick, and the terms of payment, are not mentioned. There was nothing to show that, at the time of the alleged misrepresentations by Charles upon which the several actions were founded, the loans of Frederick were overdue, or that he was ever in possession of the premises for foreclosure or otherwise, or ever took or claimed the rents and profits thereof. It did not appear that the contract of letting the premises to Tilden was made in Frederick's name. There was no evidence of any express authority from Frederick to Charles, under which Charles was to act as the agent of Frederick. The only testimony bearing upon this point is contained in the following statement in the report: " In answer to interrogatories, Frederick also said that Charles Greenwood was away from home continuously, in California or elsewhere, from July 12, 1886, to the last part of October in the same year, and during that period Sabine and Durkee [real estate agents] had the management and care of said property, and collections of the

rents therefrom, under an arrangement made with Charles Greenwood, and assented to by him. He further said, that Charles Greenwood, during the time he [Frederick] held the record title, prior to said July 12, 1886, had the exclusive care and management of said property."

It thus appears, that, at the time of the letting of the house to Tilden, Frederick was to be regarded in equity as mortgagee of the premises. The agreement to reconvey might be shown by parol. *Campbell* v. *Dearborn*, 109 Mass. 130. *McDonough* v. *Squire*, 111 Mass. 217. *Hassam* v. *Barrett*, 115 Mass. 256. *Davis* v. *Ney*, 125 Mass. 590. *Cullen* v. *Carey*, 146 Mass. 50. The defendant held the record title merely as security for his loans, and as between the parties their relation was the same as if the deed had been a mortgage. He must be considered merely as a mortgagee, not in possession of the mortgaged premises; and the same rules are applicable as if there had been a mortgage in the ordinary form. *Teal* v. *Walker*, 111 U. S. 242.

No rule of law is plainer than that a mortgagor of real estate has a right to the rents and profits, while he is allowed to remain in possession. *Wilder* v. *Houghton*, 1 Pick. 87. And when a lease is made by a mortgagor, after the mortgage, it does not bind the mortgagee, nor in any manner affect his right. There is no privity between him and the lessee, and no right in him to demand the rent reserved by the lease. *Fitchburg Cotton Manuf. Co.* v. *Melven*, 15 Mass. 268. *Boston Bank* v. *Reed*, 8 Pick. 459, 462. *Mayo* v. *Fletcher*, 14 Pick. 525, 531. *Teal* v. *Walker*, 111 U. S. 242. In order to give him such right, there must at least be an entry by him, and notice to the tenants to pay rent to him, or some act equivalent thereto. *Stone* v. *Patterson*, 19 Pick. 476. *Welch* v. *Adams*, 1 Met. 494. *Morse* v. *Goddard*, 13 Met. 177.

In the present case, upon the testimony as given, the mortgagors, Adeline and Charles Greenwood, one or both, were entitled to the rents and profits of the mortgaged premises. They were, so far as appears, allowed to remain in possession, and to enjoy the income of the property. Their promise to Frederick, so far as we can infer, was to pay interest, and not rent. No action by Frederick could have been maintained against them for the rents received by them. In letting the

house to Tilden, Charles Greenwood acted for Adeline or for himself, and not for Frederick. There was nothing in the relations of the parties as disclosed which gave to Charles an implied power to act as agent of Frederick in making the lease. All that the plaintiffs have shown is that Frederick allowed Adeline and Charles to remain in possession, and assented to their doing whatever they pleased in respect to the care and management of the property, and the collection of the rents. The security for his loans may have been much more than sufficient, or, if not, he may have been content to allow Adeline and Charles, who are stated by the plaintiff's counsel to have been the parents of Frederick, to get what they could out of the property. At any rate, nothing is disclosed in the testimony which would warrant a jury in finding that Charles was acting as Frederick's agent in letting the property, or that Frederick was responsible for any misrepresentations which Charles may have made as to its condition.

This point was not discussed in the argument of the case, but it is presented by the careful report of the testimony by the justice who presided at the trial, and, as it is decisive of the several cases, it is not necessary to consider other grounds of defence.　　　　　　　　　　　　*Judgments on the verdicts.*