## FRED E. BAKER, PETITIONER.

Essex, August, 1902.

*Mortgage — Equitable Mortgage — Assignment and Discharge.*

A full warranty deed of locus was given and recorded in 1885; and executed contemporaneously with the deed, but not recorded until after the death of the grantee nine years afterward, was an agreement for reconveyance upon payment of a certain note. With the agreement for reconveyance was also recorded an assignment of mortgage in ordinary form, referring to the deed by book and page as if it were a mortgage, executed by the executrix of the grantee; and a discharge of mortgage in ordinary form is now offered by the assignee thereunder.

In one sense, and so far as making title under it is concerned, an equitable mortgage can only be regarded as a conveyance in fee, although made under such circumstances that a court of equity would impress a trust upon the title. As between the parties, however, such a transaction constitutes a mortgage, pure and simple. Tilden *v.* Greenwood, 149 Mass. 567 at 569; Short *v.* Caldwell, 155 Mass. 57.

Being a mortgage, the mortgagor is entitled to pay his debt to the lawful holder thereof, and such holder may discharge the mortgage. In the case of an ordinary mortgage upon payment of the debt the mortgagee's estate fails by the very terms and condition of the conveyance to him, and the mortgagor is in as of his old estate. In the case of an equitable mortgage, there is no such provision. The real estate, nevertheless, is none the less conveyed solely as se-

curity for the debt, and is held for that purpose only. It would seem from some of our cases as though it might be said that the property is conveyed to the mortgagee to the use of the holder of the mortgage debt; and that whatever assignment is sufficient to transfer the debt, will, of necessity, carry the mortgage title with it, so far, at least, as the power to discharge the mortgage is concerned. In Hills v. Eliot, 12 Mass. 26, the assignment was of the debt only, and not of the estate; but it was held that the language showed the intent to assign the mortgagee's interest in the land as well; and that generally by such assignment it is intended to put the assignee in the place of the mortgagee. In Cutler v. Haven, 8 Pick, 489, there was a delivery of the mortgage deed and note, together with a power of attorney to enforce payment of the debt, but no assignment of the mortgage. The court held that this constituted an equitable assignment, and that the equitable assignee holding the mortgage deed and the power of attorney to collect the debt, might have received the debt, delivered up the note, and cancelled the mortgage. In Barnes v. Boardman, 149 Mass. 106, there were no words of inheritance in an assignment. The court says, however, that the assignment included an absolute title to the mortgage debt, and that it is in consonance with the true relation of the parties and with substantial justice to hold that such an assignment is sufficient to vest in the assignee the full legal title of the mortgagee to the mortgaged premises.

Under Tilden v. Greenwood and Short v. Caldwell, *supra,* it would seem that, as between the parties, an equitable mortgage must be considered to be an ordinary mortgage for all purposes, statutory or otherwise. In Short v. Caldwell there had been a conveyance by deed absolute, a separate bond of defeasance not recorded until years afterwards, and the mortgagee had meantime died, all as in the case at bar. A petition was brought under the statute of 1882 to clear the

record title from an undischarged mortgage, and the heirs-at-law of the mortgagee, who were out of the State and not served with process, appeared specially and objected that the transaction did not constitute a " mortgage " within the meaning of the statute. The court held that as between the parties the relation was the same as if the mortgage had been in the ordinary form, and ordered a decree for the petitioners.

If one holding title under the mortgagor in an equitable mortgage can avail himself of one statutory method of discharging such mortgage from the record, he may surely avail himself of another. The provisions in Public Statutes, Chapter 120, Section 24, that a mortgage may be discharged by an entry made on the margin of the record and signed by the mortgagee or by his executor or assignee, and that such entry shall have the same effect as a deed of release duly acknowledged and recorded, would seem to be peculiarly applicable to the present case; and on such marginal discharge made on the margin of the record of the deed by the assignee of the mortgage, there may be a decree for the petitioner.

So ordered.

NOTE: — The rule adopted in the following case was disapproved in a dictum to be found in the case of Lemay *v.* Furtado, 182 Mass. 280, decided in November, 1902, and more specifically in dicta in the later cases of Gray *v.* Kelley, 194 Mass. 533 and Hamlin *v.* Atty. Gen., 195 Mass. 309. On the other hand it was apparently approved in Haskell *v.* Friend, 196 Mass. 198, 201. The whole matter was then fully considered in Gould *v.* Wagner, 196 Mass. 270, and the rule which had theretofore prevailed in the land court definitely repudiated. The exact scope and effect of the decision in Gould *v.* Wagner is however seriously questioned in the dissenting opinion filed in that case, and it is to be noted that the ruling of the land court which was therein sustained was based on a finding of intent to limit the grant to the middle line of the way. The following case must therefore be deemed to be overruled, but is nevertheless printed for whatever value there may be in the discussion of the citations which it contains.