## Julius Oppenheimer, Appellant, v. Mary Szulerecki and Annastazia Szulerecki, Appellees.

### Gen. No. 25,221.

1. LIENS, § 4*—*when equitable lien of lessee is not established.* A bill which sets up provisions of a lease that in the event the demised building or any part thereof shall be rendered untenantable by fire, the lessor shall restore the same within 90 days, and that in the event of the lessor's failure to restore it, the lessee may, at his option, but without prejudice to his other remedies, terminate the lease, and avers the destruction of the premises, the lessee's election not to terminate the lease, the lessor's refusal to restore the building and its restoration by the lessee and asking an accounting and that the lessor be restrained from disposing of the premises, from prosecuting a forcible detainer suit commenced after the termination of the lease and from otherwise interfering with the lessee's possession until he is reimbursed, does not show that the lessee has a right to an equitable lien or any other equitable relief, and is properly dismissed.

2. LIENS, § 4*—*what is effect of possession as to equitable lien.* An equitable lien is not necessarily conditioned upon the possession of the thing sought to be charged.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed July 14, 1920.

ROSENTHAL, HAMILL & WORMSER, for appellant;

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Lessing Rosenthal and Harry Markheim, of counsel.

Austin J. Rooney and Daniel Riley McMaster, for appellees.

Mr. Presiding Justice Barnes delivered the opinion of the court.

This is an appeal from a final decree denying complainant's motion for a preliminary injunction, sustaining defendants' demurrers to the bill of complaint, and dismissing it for want of equity.

The bill is predicated on the failure and refusal of Mary Szulerecki to perform a covenant, contained in her lease of certain premises to complainant, to restore, on its destruction by fire, a building included in the lease.

The specific clauses of the lease upon which the bill is based provide that in the event the demised building, or any part thereof, shall be rendered untenantable by fire the lessor shall restore the same within 90 days after any such loss, and that in the event of the lessor's failure to restore the same, the lessee may at his option, but without prejudice to his other remedies, terminate the lease.

The lease also provides that at its termination, by lapse of time or otherwise, the lessee will yield up immediate possession.

It appears from the averments in the bill that the building was destroyed by fire; that after its destruction the lessee saw fit not to terminate the lease; that on the lessor's refusal to restore the building he restored it himself, and that on the termination of the lease he retained possession of the premises claiming an equitable lien for expense incurred in the restoration of the building and loss of profits consequent upon the lessee's default, and the right to continue possession to enforce such lien.

Other averments are merely ancillary to, or an enlargement upon, those recited, upon which the claim of an equitable lien must rest if tenable.

The bill prays that the restoration of the building be decreed a performance of said covenant by the lessee in behalf and at the expense of the lessor, that an accounting be had, and that the lessor be restrained and enjoined from disposing of said premises, and from prosecuting a forcible detainer suit commenced after the termination of the lease, and from otherwise interfering with complainant's possession until he is reimbursed and his lien discharged.

Whether the nonperformance of the covenant in question entitled the lessee to erect a new building and to recover damages incurred by reason thereof, we need not consider, if, assuming he had such right, no lien followed in consequence thereof. If there be an equitable lien it must arise by implication from the recited facts, for the lease contains no express provision for one. Unquestionably, if the party so intended, a lien might have been provided for upon the contingency of the lessor's breach of the covenant and the lessee's restoration of the building. The contingency of such a default was at least contemplated, for the lease provided that "in the event of the lessor's failure to restore * * * the lessee may at his option, but without prejudice to his other remedies, terminate the lease." He elected not to terminate the lease but asserted his right to possession thereunder to the end of the specified term, as has been decided he had the right to do. (*Szulerecki v. Oppenheimer*, 283 Ill. 525.) But while the lease gave such option it contained no other provision respecting the lessee's rights in case he did not exercise such option other than he need not pay rent for the part of the demised premises rendered untenantable while the same were not tenantable. The question arises, therefore, whether in view of contemplated contingencies,

and the absence of any express provision to meet them other than those stated, it can be said that an equitable lien will be implied from the above circumstances.

In this connection reference should be made to certain covenants of the lessee. In section 2 of the lease, he agrees that he "upon the termination of this lease, in any way, will yield up said premises to said party of the first part in good condition and repair (loss by fire and ordinary wear excepted)," and, in section 8, "at the termination of this lease, by lapse of time or otherwise, to yield up immediate possession to said party of the first part, and failing so to do, to pay as liquidated damages, for the whole time such possession is withheld, the sum of five dollars per day." Certainly these provisions are inconsistent with the attempted enforcement of such a lien by continued possession of the premises after the termination of the lease.

But recognizing that an equitable lien is not necessarily conditioned upon the possession of the thing sought to be charged (*Gregory v. Morris,* 96 U. S. 619; *Hauselt v. Harrison,* 105 U. S. 401), it remains to be determined whether there is anything in the lease—which represents the entire contract—from which such a lien can be implied. In most cases to which our attention has been called, aside from those analogous to a vendor's lien, where an equitable lien was implied, there was some provision in the contract to disclose an intent to create a security. In some cases there was an absolute promise to that effect, as where money was advanced, or some obligation incurred, on the express promise of a mortgage or bill of sale as security. (17 R. C. L. p. 605.) In *New York Dyeing & Printing Establishment v. DeWestenberg,* 46 Hun (N. Y.) 281, where a plaintiff was entitled to recover the value of improvements put upon the land of defendant, it was held that the decree

went too far in adjudging him a lien upon the premises, the court saying:

"The lease does not provide for any lien and in the absence of some specific provision in that instrument on the subject, the effect of the agreement therein contained to pay the value of the buildings and improvements at the expiration of the term is merely to render the lessors or their successors in interest liable to a simple money judgment for the amount at which such value should be assessed."

In another case, where the lessors covenanted to pay for improvements and the lessees did not see fit to reserve the right in the lease, as they might have done, to retain possession of the leased premises as security for the performance of the lessors' covenant to pay, the court said: "We have no power to supply the omission. The defendant must, therefore, look to his remedy by action. He has none other left to him." (*Speers v. Flack,* 34 Mo. 102.)

The cases are not few in which the lessee has invoked the doctrine of an equitable lien to secure payment for improvements for which the lessor has agreed to pay. Some of them turn either upon an alternative provision in the lease for the extension thereof for an additional term, or upon a provision giving the lessee the right to retain the ownership and possession of the buildings and improvements until the payment therefor is made by the lessor. Most of the cases cited in the briefs on this subject are referred to and distinguished in the case of *Swift v. Sheehy,* 88 Fed. 924. While in that case a lien was allowed by reason of an express provision for ownership and possession of the buildings and improvements until payment therefor was made, the court approved of the rule laid down in *Speers v. Flack, supra,* holding that there was no such lien in the absence of such provision respecting the retention of possession until the performance of the covenant to pay for the improvements. In *The Confiscation Cases,*

1 Woods 221, Fed. Case. No. 3,097, where a similar lien was made and disallowed, the court said:

"It is difficult to see on what ground a lien for this claim can be maintained. The matter existed simply in covenant. The lease does not contain a word which looks like the creation or expectation of a lien upon the property itself."

It was also said in *Gardner v. Samuels,* 116 Cal. 84:

"The parties could have inserted in their lease an agreement that the value of their improvements should be made a lien upon the land to be secured thereby, but their omission to do so implies that such was not the intention, and the plaintiff is thereby deprived of the right to such lien."

And it was said in *Richards v. Arms Shingle & Lumber Co.,* 74 Mich. 57:

"Courts of equity do not create liens upon lands to secure a party for a breach of contract, whether under seal or not, where there is no agreement for a lien between the parties."

We think it unnecessary to prolong this opinion by an analysis of the authorities cited, or to quote further from them. There is nothing in the lease or contract which expressly gives the lessee the right to retain possession of the premises until the lessor compensates him for the value of his improvements, or that otherwise gives him security on the premises for his damages, assuming that he is entitled to recover the same. Without entering into further discussion of appellant's contention, we think the bill failed to show a right to an equitable lien or any other equitable relief, and therefore the decree should be affirmed.

*Affirmed.*

Mr. Justices Gridley and Matchett concur.