## In re GENESTRI.

(District Court, D. Massachusetts. April 16, 1926.)

### No. 34445.

**Bankruptcy ⬳213—Trustee held not entitled to rents collected by mortgagee after peaceable entry and attornment by lessee (G. L. Mass. c. 183, § 26, c. 244, §§ 1, 2).**

Rights of mortgagor, under G. L. Mass. c. 183, § 26, and so rights of his trustee in bankruptcy, to the rents, though lease was given subsequent to mortgage, are cut off by mortgagee, after breach of condition, making open and peaceable entry and filing certificate under chapter 244, §§ 1, 2, and the tenant attorning to him, and this though entry was after filing of petition in bankruptcy, and without permission of bankruptcy court; mortgagee's rights being fixed by the mortgage.

In Bankruptcy. In the matter of Domenico Genestri, bankrupt. On review of order of referee for mortgagee to turn over rents collected to mortgagor's trustee in bankruptcy. Order vacated.

Samuel W. Walcott, of Boston, Mass., for mortgagee.

E. Stuart MacMillan, of Boston, Mass., for trustee.

BREWSTER, District Judge. The above-entitled matter is before this court for a review of an order of the referee calling upon a mortgagee to turn over to the trustee in bankruptcy certain rents collected by the mortgagee from tenants occupying property owned by the bankrupt at the time proceedings were instituted against him by the filing of an involuntary petition in bankruptcy.

After the petition had been filed, but before adjudication, the mortgagee made an open and peaceable entry under the statutes of Massachusetts, and duly filed the required certificate of entry. G. L. Mass. c. 244, §§ 1 and 2.

The rents in question accrued after the date of the entry, and before the mortgagee had exercised his power of sale under the mortgage. It does not appear, but I assume in favor of the trustee, that the rent was paid by lessees holding under written leases given subsequent to the mortgage or who were in as tenants at will without written lease. The rents have been paid to the mortgagee, and the question arising on the petition for review is whether the trustee has such paramount claim to them as to entitle him to recover the same in summary proceedings. I do not think he has.

The statutes of Massachusetts give a mortgagor of real estate a right to hold and

enjoy the mortgaged premises until default in the performance or the observance of the condition of the mortgage, and receive the rents and profits therefrom unless otherwise stated in the mortgage. G. L. Mass. c. 183, § 26.

On general principles it is well settled that the mortgagor is entitled to the rents and profits accruing on the mortgaged property up to the time when the mortgagee enters upon the premises for the purpose of taking possession. Tilden v. Greenwood, 149 Mass. 567, 22 N. E. 45; Elmore v. Symonds, 183 Mass. 321, 67 N. E. 314. This rule has been followed in the federal courts. In re Chase (D. C.) 133 F. 79; In re Clark Realty Co., 234 F. 576, 148 C. C. A. 342; Freedman's Savings & Tr. Co. v. Shepherd, 127 U. S. 494, 8 S. Ct. 1250, 32 L. Ed. 163.

The open and peaceable entry under the statute has been held to be constructive possession, beginning from the date of the entry, if the certificate is filed within the time fixed by the statute. Thompson v. Vinton, 121 Mass. 139. But if the mortgage is dated prior to the lease under which the rents accrue, there must be some further act by the mortgagee before he can well claim the rent. As was stated in Tilden v. Greenwood, supra:

"No rule of law is plainer than that a mortgagor of real estate has a right to the rents and profits, while he is allowed to remain in possession. * * * And when a lease is made by a mortgagor, after the mortgage, it does not bind the mortgagee, nor in any manner affect his right. There is no privity between him and the lessee, and no right in him to demand the rent reserved by the lease. * * * In order to give him such right, there must at least be an entry by him, and notice to the tenants to pay rent to him, or some act equivalent thereto."

See, also, Jones on Mortgages (7th Ed.) §§ 774–777.

The mortgagee may evict the tenants, or the tenants may attorn to him as new lessor by paying him rent. Thus, so long as the bankrupt mortgagor remained in possession as landlord, and the tenants paid to him the rent as such landlord, he would be entitled to retain such rent and profits, and I think this would be so notwithstanding the formal entry or constructive possession of the mortgagee, resulting from the open and peaceable entry under the statute. The trustee in bankruptcy succeeds to all these rights of the bankrupt mortgagor.

But when the right of the mortgagor to the rents and profits was cut off by the attornment of the tenant to the mortgagee, thus putting him, in contemplation of law, in actual rather than constructive possession, the rights of the mortgagor to the rents ceased. The trustee can take no greater rights than his bankrupt had in the mortgaged premises.

That the trustee could not claim the rents accruing subsequent to the date of the entry by the mortgagee seems to have been conceded in Elmore v. Simon, supra.

The tenants having recognized the mortgagee as landlord by paying rents to him, I am unable to see on what theory of law the bankruptcy court may now declare that these rents belong to the trustee in bankruptcy of the mortgagor.

This result seems to me to be in harmony with the laws of the commonwealth of Massachusetts, and I do not find that it is repugnant to any rule adopted in this jurisdiction. I am aware of the cases which hold that "the filing of the petition is a caveat to all the world, and in effect an attachment and an injunction." Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405. Consequently one cannot acquire an interest in property of the bankrupt adverse to the creditors after the filing of a petition. May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870. But in the case at bar the mortgagee acquired no new interest subsequent to the bankruptcy proceedings. His rights were fixed by his mortgage, given before the proceedings were instituted.

The right of the mortgagee to enter pursuant to the statute is no more affected by the bankruptcy of the mortgagor than is his right to exercise his power of sale in the name of and as attorney for the bankrupt mortgagor. The trustee takes only subject to the rights of the mortgagee. Hall v. Bliss, 118 Mass. 554, 19 Am. Rep. 476. The fact that the mortgagee took no steps to obtain permission of the bankruptcy court before entering is therefore, in my opinion, immaterial. It was the bankrupt's equity of redemption in the mortgaged property, with the accompanying rights of possession until the mortgagee took possession, which was the property that was in custodia legis. I have no doubt about the power of the bankruptcy court to take such steps as may be deemed necessary or expedient to preserve to creditors this equity of redemption and this right of possession, even to the extent of enjoining entry or sale under the power of the mortgage, but that power was not invoked or exerted in this case. The question

here is one dealing only with the rights to rents and profits which have come into the hands of the mortgagee, and which the trustee thinks should be turned over to him.

It is my opinion, as above indicated, that the mortgagee is entitled to retain the rents which he has received. The decree of the referee, ordering the mortgagee to turn over to the trustee the rents in question, is vacated.