Petition of Paul Ladeian
  for Writ of Habeas   M. P. No. 153.
    Corpus

November 21, 1933.

FROST, J. This is a petition setting forth that Paul Ladeian was arrested and committed to the Kent County Jail on the 9th day of November, A. D. 1933, on an order of the Justice of the District Court of the Fourth Judicial District because of non-compliance with an order of said Court hitherto made requiring Ladeian to pay in installments on a judgment obtained in an action on book account in a case entitled, *Charles Dutra* vs. *Paul Ladeian.*

The order upon which Ladeian was committed, as certified to by the Clerk of the District Court, is as follows:

"Nov. 9, 1933: The within named Paul C. Ladeian alias John Doe is before the District Court of the Fourth Judicial District at East Greenwich, and upon hearing, is adjudged to be in contempt of Court and ordered committed to Kent County Jail until he shall purge himself of contempt by paying to the within named M. Charles Dutra the sum of ninety-one and 72/100 dollars."

Upon the hearing of the petition it appeared that on the 23rd day of October, 1933, a writ of attachment issued against Ladeian for not appearing before the Court on the 2nd day of June. He was finally apprehended and upon this writ was brought before the Court on November 9th, at which time the order of commitment was made.

It also appeared at the hearing in the Superior Court that on the 5th day of October, 1933, Ladeian filed a voluntary petition in bankruptcy in the District Court of the United States for the District of Rhode Island; that he was adjudicated a bankrupt on the same day and that a schedule filed by him contained the name of Charles Dutra, a creditor whose claim for $97.00 was unsecured.

It therefore appears that on the 9th day of November, when Ladeian was brought before the District Court, he was a duly adjudicated bankrupt, although this fact was probably not brought to the attention of the Court

as Ladeian appeared without an attorney. At that time Ladeian had not been discharged in bankruptcy but no question is made that the claim of Dutra was one from which the debtor could ultimately obtain a release.

Subsequent to October 5, 1933, Ladeian could not properly pay Dutra as such payment would be in the nature of a preference.

Loveland on Bankruptcy, 4th Edition, Vol. 1, pages 759, 760;

Elmore vs. Symonds, (1903) 183 Mass. 321.

A petition for a writ of habeas corpus having been preferred to this Court, the question arises whether under the facts as related Ladeian may properly be released.

It is asserted in 7 C. J., P. 352, that: "A bankrupt is liable to commitment for contempt by a state court where such commitment is intended as a punishment and not to enforce payment of a debt."

There seems to be no question that in some cases punishment by one court for contempt cannot be prevented or interfered with by another court.

In a case somewhat similar to the one presented by this Court, Chatfield, District Judge, said: "This Court could stay the collection of a judgment for a dischargeable debt by means of a contempt proceeding, ostensibly intended only to aid such collection."

"No authorities are cited on behalf of either party which are conclusive upon this question. All the authorities cited fall upon one side of the line or the other, accordingly as the matter of punishment is held to be a proceeding for the collection of a debt, or to punish a person for contempt of the Court's authority as such."

"It would appear from the order of Mr. Justice Jaycox, dated November 19, 1906, that because of the failure of the judgment debtor to appear for examination, as required, he was adjudged in contempt, and directed to pay the amount of the judgment, with interest. If the original debt was one dischargeable in bankruptcy, the contempt proceedings would therefore seem to have been considered by the Court merely in aid of the collection of the judgment, and not solely as punishment for disregard of the Court's authority. The bankrupt and judgment debtor was not directed to be imprisoned for any particular time, nor fined any ordinary sum, but he was directed to be committed until he should pay to the judgment-creditor the face of the judgment, with interest, and no costs of the motion were added thereto."

In re Fritz, (1907), 152 Fed. Rep. 562 at 563.

In the instant case, from all the facts presented, it seems to the Court that Ladeian was not committed to jail solely because of his disregard for the Court's authority. If that were the case, this Court would have no jurisdiction to interfere with such order of committal. It seems rather that the order of the District Court was made in aid of the collection of the judgment obtained by Dutra. If that be so, there was no jurisdiction longer on the part of the District Court to compel payment to Dutra, in view of the Federal law.

Upon all of the facts the Court thinks the petitioner is entitled to relief and the prayer of the petition is granted.

For petitioner: Sarkis A. Boyajian.