Adlow, J.
Action of contract for rent. On November 1, 1939 the plaintiff company rented a garage in Boston to the defendant corporation as a tenant at will. The defendant continued to occupy said premises up to March 5, 1942. ' Rent was paid by the defendant to the plaintiff up to the period ending March 1, 1942. On February 1, 1942 the defendant prepared a written notice of intention to terminate tenancy on March 1, 1942 but this notice was not delivered. At the time of the creation of this tenancy the ' plaintiff was in possession of the property by virtue of a third mortgage which it held. On October 26,1940 the Home Savings Bank, a prior mortgagee, took possession of the property, but gave no notice of this to the defendant corporation which continued to pay its monthly rental to the plaintiff. In April 1941 the Home Savings Bank conveyed the property to the Metropolitan Properties, Inc. No notice of this transfer was given to the defendant which *374 continued to pay its rental to the plaintiff. The treasurers of the plaintiff company and of the Metropolitan Properties, Inc. were the same person, and she admitted that she gave no notice to the defendant of the change of ownership because “we did not want to disturb the tenant.” In this action for rent for March 1942 the original plaintiff was the Metropolitan Properties, Inc. but at the trial the court permitted the substitution of the George H. No one Sand and Gravel Company as. plaintiff. The court found for the plaintiff.
The propriety of the court’s ruling in permitting the substitution of a new plaintiff for the original plaintiff is .not before this court as no report was requested on this ruling in accordance with the rules. We are concerned only with a determination of the sufficiency of the evidence as reported to support a finding that the tenancy at will originally existing between the plaintiff and defendant continued up to the end of March 1942. The defendant makes no claim that this relationship was terminated by a proper legal notice (G. L. 186, Sec. 12); or that the parties had arranged in advance upon a method of terminating the tenancy; but relies on the legal effect upon the relationship of the action of the Home Savings Bank, the prior mortgagee, in taking possession of the premises and in purporting to transfer same by deed to the Shawmut Properties, Inc. Unless either or both of these acts terminated the relationship by operation of law it continued throughout the period in issue.
In our opinion these acts were not sufficient to terminate the relationship. In the absence of notice by the prior mortgagee to the defendant the mere act of entry was not sufficient to disturb the rights of the George H. Noone Sand and Gravel Company to the rents from the premises. Tilden v. Greenwood, 149 Mass. 567, Elmore v. Symonds, 183 *375 Mass. 321, Lamson and Co. (Inc.) v. Abrams, 305 Mass. 238 at 242. Nor would the conveyance by the prior mortgagee to the Shawmut Properties, Inc. affect the relationship. Aside from the mere act of possession taken by the prior mortgagee it does not appear in the report that the necessary steps were ever taken by the Home Savings Bank to acquire a legal title which it could transfer. The bank could convey no greater rights than it had acquired. Legally the situation with respect to the property was the same at the time the defendant vacated the premises as it was on the day the tenancy at will was created.
Report dismissed.