## JONES, TRUSTEE IN BANKRUPTCY OF ORO DREDGING COMPANY, *v.* SPRINGER.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 23. Argued October 30, November 4, 1912.—Decided December 2, 1912.

A *bona fide* purchaser for value of perishable property held under attachment at a sale made by order of the local court gets a good title notwithstanding bankruptcy proceedings had been instituted within four months after the attachment and had proceeded to adjudication before the sale.

An order to sell attached property on the ground that it is perishable is not one to enforce the lien of the attachment but one incidental to the preservation of the property, and the court having the custody has the jurisdiction to sell.

A proceeding to sell perishable property is one *in rem* and the purchaser gets title against all the world.

A local court having the custody under attachment of perishable goods may order a sale if necessary to protect and it is not necessary that such sale be made under General Order XVIII, 3, in order to validate it.

An order for sale of perishable property held under attachment, made by the local court within the terms of the local act, will not be set aside by this court.

Even if the local statute permitting sales of perishable property held in *custodia legis* be broader than General Order XVIII, 3, this court will not for that reason only set aside a sale made by the local court if within the terms of the local act.

As to whether property is perishable or not, this court will follow the rulings of a territorial court in the absence of a strong reason to the contrary.

15 N. Mex. 98, affirmed.

THE facts are stated in the opinion.

*Mr. Elmer E. Studley* and *Mr. J. E. MacLeish*, with whom *Mr. Frank H. Scott* and *Mr. Edgar A. Bancroft* were on the brief, for appellant:

After the petition in bankruptcy was filed the assets of the bankrupt were in *custodia legis*, and the jurisdiction of the bankruptcy court to sell the same was exclusive. The sale to Springer was had subsequent to the order of adjudication in bankruptcy, and he was charged with notice of the pendency of the bankruptcy proceedings and could obtain no title superior to that of the trustee.

No title passed to the purchaser of the dredge, because the proceedings to sell and the sale were had subsequent to the entry of the order of adjudication in the bankruptcy proceedings. The proviso to § 67f protecting the title of an innocent purchaser for value, is no protection to

appellee, as the same does not apply to the sale made in this case, nor does it under any circumstances contemplate a purchase subsequent to an adjudication in bankruptcy. Bankruptcy Act of 1898, §§ 67f, 70; *Conner* v. *Long,* 104 U. S. 228, 231; *Acme Harvester Co.* v. *Beekman Lumber Co.,* 222 U. S. 300, 307; *Bank* v. *Sherman,* 101 U. S. 403, 406; *Mueller* v. *Nugent,* 184 U. S. 1, 14; *Lamp Chimney Co.* v. *Ansonia Brass Co.,* 91 U. S. 656, 661; *In re Granite City Band,* 137 Fed. Rep. 818; *State Bank* v. *Cox,* 134 Fed. Rep. 91; *Clarke* v. *Larremore,* 188 U. S. 486.

The sale in this case was not had in a proceeding to enforce a preexisting lien, and the adjudication of the territorial court ended, although not appearing upon its own record, when the adjudication was entered in the bankruptcy proceedings. *Conner* v. *Long,* 104 U. S. 228, 239, 240; *In re Watts & Sacks,* 190 U. S. 1, 27; *Eyster* v. *Gaff,* 91 U. S. 521; *Doe* v. *Childers,* 21 Wall. 642.

Subsequent to adjudication, perishable property, like all other property of the bankrupt, must be sold in the bankruptcy court. Cases *supra,* and see General Order in Bankruptcy, XVIII.

Assuming the jurisdiction of the territorial court to sell perishable property was concurrent with that of the bankruptcy court the sale was improper.

The dredge was not perishable property within the meaning of those words as contemplated by the sale of perishable property in bankruptcy proceedings, in that the dredge was in the custody of the bankruptcy court and could have been conserved, and the same was not destroyed, or expensive to keep, in the sense that it ought to have been sold. *Bryan* v. *Bernheimer,* 181 U. S. 188; General Order in Bankruptcy, XVIII.

The dredge was not perishable property within the meaning of the statute of the Territory of New Mexico relating to sales of property of a perishable nature and liable to be lost before final adjudication.

The proceedings to sell the dredge were irregular and unwarranted, and not such as were contemplated by the statute, in that final adjudication in the attachment proceedings, upon the record in that cause, could have been had on the same day that the application was made and granted to sell the dredge, and no petition was filed setting out the kind, nature and condition of the property, as required by statute. *Mosher* v. *Bay Circuit Judge*, 108 Michigan, 579; *Oneida National Bank* v. *Paldey*, 2 Mich. N. P. 221; *Newman* v. *Cain*, 9 Nevada, 234; *Goodman* v. *Moss*, 64 Mississippi, 303; *Weis* v. *Basket*, 71 Mississippi, 771; Comp. Laws New Mex., 1897, § 2716, and see also § 2685, Art. VIII, Sub-sec. 103–106.

The sale of the dredge was not confirmed before the purchaser had actual knowledge of the bankruptcy proceedings.

No order confirming said sale to appellee was entered prior to the appearance of the trustee in bankruptcy in said cause, and although the court found that the sale was confirmed on July 17, such finding is not supported by the record. The court also found that the purchaser knew of the bankruptcy proceedings on June 26, two weeks after his purchase.

*Mr. Ernest Knaebel*, with whom *Mr. Charles A. Speiss, Mr. Aldis B. Browne, Mr. Alexander Britton* and *Mr. Evans Browne* were on the brief, for appellee:

The appellee purchased the dredge at a sale ordered by the judge of the District Court of Colfax County in the rightful exercise of conceded jurisdiction without knowledge on the part of the court or of appellee of the pendency of the bankruptcy proceedings in Illinois. Appellee, therefore, obtained a perfect title to the dredge. *Eyster* v. *Gaff*, 91 U. S. 521; *Doe* v. *Childers*, 21 Wall. 642; *Kent* v. *Downing*, 44 Georgia, 116; *In re Irwin Davis*, 1 Sawyer, 260; *In re Fuller*, 1 Sawyer, 243; *Bracket* v. *Dayton*, 34

Minnesota, 219; *Revere Copper Co.* v. *Dimock,* 90 N. Y. 33; *Muser* v. *Kern,* 55 Fed. Rep. 916; *Morning Telegraph Co.* v. *Hutchinson Co.,* 8 L. R. A. (N. S.) 1232; *Mueller* v. *Nugent,* 184 U. S. 1; *York Mfg. Co.* v. *Cassell,* 201 U. S. 344, 352, reversing 135 Fed. Rep. 52; *In re Rathman,* 183 Fed. Rep. 913, 924; *Jaquith* v. *Rowley,* 188 U. S. 620, 625; *Hiscock* v. *Varick Bank,* 206 U. S. 28. *Conner* v. *Long,* 104 U. S. 228, is not favorable to the appellants, but is directly opposed to their contentions.

Appellee's title to the dredge is in nowise dependent upon the validity of the attachment proceedings, nor does it in anywise depend upon the question of whether or not the title became vested in the trustee in bankruptcy as of the date of the filing of the petition. He purchased the dredge at a sale ordered by the New Mexico court in a proceeding *in rem,* having for its purpose the transmutation of perishable property, or property liable to be lost or diminished in value, into imperishable money. *Young* v. *Kellar,* 94 Missouri, 581; *Betterton* v. *Eppstein,* 14 S. W. Rep. 861. The proceeds of the sale simply took the place of the attached property without interfering with prior liens. *State* v. *Judge,* 44 La. Ann. 87; *Pollard* v. *Baker,* 101 Massachusetts, 259; *Taylor* v. *Thurman,* 12 S. W. Rep. 614; *Welsh* v. *Lewis,* 81 Georgia, 387.

The object of the statute permitting sale of property expensive to keep or perishable, before judgment, is for the benefit of both parties or any third party who claims it. *Pollard* v. *Baker,* 101 Massachusetts, 259; *Peters* v. *Aehle,* 31 Missouri, 380; *York* v. *Sanborn,* 47 N. H. 403.

The correctness of an order for the sale of the attached property before judgment, or determining the propriety of such sale will not be reviewed, nothing appearing affirmatively impeaching it; but the propriety thereof will be presumed. *McCreery* v. *Barney Nat'l Bank,* 116 Alabama, 224; *Runner* v. *Scott,* 150 Indiana, 441; *Dunn* v. *Salter,* 1 Dno. Ky. 342; *In re Le Vay,* 125 Fed. Fep. 990.

The word "perishable" is very elastic. It does not mean simply property liable to decay. It should receive a liberal rather than a narrow construction and embraces property the keeping of which may render it of no value in the end to satisfy the claims, and in this sense almost any property subject to attachment may be sold as perishable. *McCreery* v. *Barney National Bank*, 116 Alabama, 224; *Young* v. *Davis*, 30 Alabama, 113; *Schumann* v. *Davis*, 13 N. Y. Supp. 575; *Southern Railroad Co.* v. *Sheppard*, 20 S. E. Rep. 481; *Anonymous* v. *Horse and Chaise*, 18 N. J. Law, 26; *Mosher* v. *Bay Circuit Judge*, 108 Michigan, 579.

Appellee is a *bona fide* purchaser for value of the dredge, and his title is recognized and protected by the very provisions of the Bankruptcy Act which opposing counsel contend have destroyed or prevented the acquisition by him of his title. *Clark* v. *Larremore*, 188 U. S. 486; *In re Franks*, 95 Fed. Rep. 635.

The Bankruptcy Act does not by any of its provisions make the fact of adjudication constructive notice. As to who is a *bona fide* purchaser at common law, see *Spicer* v. *Waters*, 65 Barb. 227; Perry on Trusts, 218; *Alden* v. *Trubee*, 44 Connecticut, 455.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes here upon appeal from a judgment denying the title of the appellant as trustee in bankruptcy to property formerly belonging to the bankrupt and sold in this suit by order of the local court. The facts are these. The property in question is a mining dredge. It was attached on February 27, 1906, and a receiver was appointed on March 19. On May 1, a petition was filed for an order directing the dredge to be sold on the ground that it was 'of a perishable nature, and liable to be lost or diminished in value before the final adjudication of the

case,' within the Compiled Laws of New Mexico, 1897, § 2716, and an order to that effect was made on the same day. The ground of the finding on which the sale was ordered was that the dredge was anchored in an embanked pond fed by a mountain stream subject to heavy floods, and was liable to damage from that source. The sale took place on June 26, and the dredge was bought in good faith and without notice of the defendant's insolvency, at a price of five thousand dollars paid into court, by the appellee, Springer. The sale was confirmed on July 17. But on March 12, 1906, a petition in bankruptcy had been filed in the Northern District of Illinois against the Oro Dredging Company, the defendant in this suit. On April 23, the company was adjudged a bankrupt. On July 9, the appellant was appointed trustee and on July 19 qualified. On August 2, he first appeared in this cause, that being the first notice of the adjudication received by the parties concerned or the court. He filed an intervening petition praying that the order of sale be set aside, the attachment dissolved and the property turned over to him. The petition so far as it affects the dredge was denied, the judgment was affirmed by the Supreme Court of the Territory and the trustee appealed.

The main ground of the appeal is that by § 70 of the Bankruptcy Act the title of the trustee related back to the date of the adjudication of bankruptcy, and that, as matter of law, Springer could not be a *bona fide* purchaser within the proviso of § 67f saving the title of a *bona fide* purchaser for value who shall have acquired the property by the attachment without notice or reasonable cause for inquiry. It is argued that filing the petition in bankruptcy was a caveat to all the world, *Mueller* v. *Nugent*, 184 U. S. 1, 14, and that the above proviso can have effect only when the judgment and sale took place before the petition was filed.

We have no occasion to consider the last proposition in order to decide this case, or what effect, if any, the pro-

viso has upon some language in *Conner* v. *Long,* 104 U. S. 228, relied upon by the appellant (see *Clarke* v. *Larremore,* 188 U. S. 486, 488), the proceeding not having been one to enforce the lien of the attachment but simply an order made on a finding that, in the language of the New Mexico statute, 'the interests of both plaintiff and defendant will be promoted by the sale of the property.' But the proposition quoted from *Mueller* v. *Nugent* must be taken with reference to the facts then before the court and not as applicable to all intents and purposes. *York Manufacturing Co.* v. *Cassell,* 201 U. S. 344, 353. *Hiscock* v. *Varick Bank,* 206 U. S. 28, 41. *In re Rathman,* 183 Fed. Rep. 913, 924, 925. It is true that the estate is regarded as *in custodia legis* from the date of the petition as against a subsequent attachment. *Acme Harvester Co.* v. *Beekman Lumber Co.,* 222 U. S. 300, 306, 307. But in a case like the present where, under an attachment levied before the petition was filed, the property had been put into the hands of a receiver, without notice of the petition, it is not true that all power and jurisdiction of the local court were ended before notice of the bankruptcy proceedings. *Eyster* v. *Gaff,* 91 U. S. 521, 524, 525. *Scott* v. *Ellery,* 142 U. S. 381, 384. *Jaquith* v. *Rowley,* 188 U. S. 620, 626. *Frank* v. *Vollkommer,* 205 U. S. 521, 529. *Revere Copper Co.* v. *Dimock,* 90 N. Y. 33.

The jurisdiction of the territorial court not having been avoided and that court having the actual custody of the *res,* it had the power to preserve the subject-matter of the controversy that necessarily is incident to such conditions. An illustration although not a perfect analogy is to be found in *United States* v. *Shipp,* 203 U. S. 563, 573. An appeal had been taken to this court on a petition for *habeas corpus,* where a prisoner was held under sentence of a state court, and pending the appeal this court had ordered the custody of the appellant to be retained. Shipp was charged with contempt for having been party

to a conspiracy that ended in lynching the prisoner. It was strongly argued that neither the Circuit Court that refused the writ nor this court had any jurisdiction of the case, but it was held that, whether it had jurisdiction or not, until the question was decided this court had authority from the necessity of the case to preserve the subject of the petition. A similar authority existed in the territorial court until the trustee saw fit to intervene, which, so far as would have appeared at the time of the sale had anyone known of the bankruptcy proceedings, he might never do. According to Marshall, C. J., "a right to order a sale is for the benefit of all parties, not because the case is depending in that particular court, but because the thing may perish while in its custody, and while neither party can enjoy its use." *Jennings* v. *Carson,* 4 Cranch, 2, 26. The recognition of a power springing from necessity is of old standing in English law. *Eyston* v. *Studd,* Plowd. 459, 466. 2 Inst. 168; *Baker* v. *Baker,* 1 Ventris, 313. See further *Young* v. *Kellar,* 94 Missouri, 581. *Betterton* v. *Eppstein,* 78 Texas, 443. *In re Le Vay,* 125 Fed. Rep. 990, 992.

It is argued that if a sale was necessary the court of bankruptcy could have directed it under General Order XVIII, 3, and that its power was exclusive. But such a rule would much impair the usefulness of the principle. The trustee if appointed may not know the condition of the property or be prepared to decide. The court having the actual custody of the *res* does not know of the bankruptcy proceedings. There is a necessity for immediate action and no one is ready to act. If the local court in its ignorance directs a sale and the purchaser is chargeable with notice that there may be somewhere a petition filed that will destroy his title, the doubt affects the price that he will give, and if the sale turns out effective the goods have been sacrificed. The very reason of the rule that permits a good title to be given by an authority that has

none contradicts the limitation supposed. We are of opinion that the power of the territorial court remained. "For necessity (which is excepted out of the law) the sale in that case is good." 2 Inst. 168. The proceeding is *in rem*, against all the world, the sale stands, and the claim of the trustee is transferred to the proceeds, which ordinarily must be presumed to represent the fair value of the goods and take their place.

Finally it is argued that the court of bankruptcy must decide whether the property is perishable or not, and that this property was not within the power conferred by the statute of New Mexico. The first proposition is little more than the one last discussed in another form. But assuming that for any reason we could go behind the findings on which the case comes here we see no reason for doing so, if the sale was within the terms of the local act. On that question, as usual, we follow the ruling of the Supreme Court of the Territory unless there are stronger reasons to the contrary than are shown here. *Fox* v. *Haarstick*, 156 U. S. 674. *Albright* v. *Sandoval*, 216 U. S. 331, 339. The act as construed, though possibly broader than General Order XVIII, 3, does not go beyond the principle of necessity, at least as applied to this case.

*Judgment affirmed.*