### In re SCOTT.

### RUH v. SCOTT.

(Circuit Court of Appeals, Seventh Circuit. July 26, 1915.)

#### No. 2075.

BANKRUPTCY ⬅403—DEATH OF BANKRUPT—ALLOWANCE TO WIDOW—ASSIGNMENT.

The right of the widow of a bankrupt, under Bankr. Act July 1, 1898, c. 541, § 8, 30 Stat. 549 (Comp. St. 1913, § 9592), to any allowance which upon his death she was entitled to receive from his estate under the law of the state of his residence, was not affected by his assignment for the benefit of creditors within four months of his adjudication, since, the assignment being absolutely void, the trustee took title from the debtor as if the assignment had never been made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 217; Dec. Dig. ⬅403.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of Illinois; J. Otis Humphrey, Judge.

In the matter of Charles M. Scott, bankrupt. Petition by widow of bankrupt for the allowance of a widow's award granted, and R. B. Ruh, trustee, appeals. Affirmed.

Alonzo Hoff, of Springfield, Ill., for appellant.

H. M. Murray, for appellee.

Before BAKER and MACK, Circuit Judges.

BAKER, Circuit Judge. Charles M. Scott, merchant, citizen of Illinois, on March 21, 1911, executed to one Farwell, as trustee, a deed of general assignment of his property for the benefit of his creditors. On May 3, 1911, Scott was adjudged a bankrupt. Assignee Farwell surrendered the estate to the trustee in bankruptcy. Before the proceeds were distributed to creditors, Scott died, and his widow, appellee herein, under section 8 of the Bankruptcy Act, petitioned the court for an allowance of a "widow's award" according to the statutes of Illinois. This was granted, and the trustee appeals.

Hull v. Dicks, 235 U. S. 584, 35 Sup. Ct. 152, 59 L. Ed. ——, is authority for sustaining the award unless Scott's assignment for the benefit of creditors makes a difference. But the Bankruptcy Act is of national scope and paramount authority. True, a general assignment for the benefit of creditors is not forbidden. It is an act of bankruptcy, regardless of solvency; but neither the debtor nor his creditors are bound thereupon to resort to the national courts. And so, pending a petition in bankruptcy within the succeeding four months, the assignment may be said to be only voidable; but the moment national jurisdiction attaches the assignment is absolutely void, no one, pending the attachment of national jurisdiction, can obtain any rights through or under the assignee, who stands, not as a purchaser, but only as the agent of the debtor, and the trustee in bankruptcy takes title from the debtor under the act the same as if the assignment had never been made. Collier on Bankruptcy, § 70, subd. 4; Remington on Bankruptcy, §§ 1606–1608; West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814.

The order is affirmed.