## WILKINSON v. GOREE.

(District Court, N. D. Texas, Fort Worth Division. November 5, 1926.)

No. 1376.

1. Bankruptcy ⬅200(4)—Purchaser of real estate at execution sale, which was held after debtor had been adjudicated bankrupt, held not to take title (Vernon's Sayles' Ann. Civ. St. Tex. 1914, arts. 3739, 3740; Bankruptcy Act, § 70 [U. S. Comp. St. § 9654]).

Purchaser of real estate at execution sale, which was held after debtor had been adjudicated bankrupt, *held* not to take title, in view of Bankruptcy Act, § 70 (U. S. Comp. St. § 9654), and Vernon's Sayles' Ann. Civ. St. Tex. 1914, arts. 3739, 3740, where marshal had not taken control or custody of property, since debtor could have "transferred" his title, and property therefore passed to trustee in bankruptcy of debtor.

2. Bankruptcy ⬅101.

Jurisdiction of bankruptcy court is so far in rem that estate is regarded as in custodia legis from filing of petition.

3. Bankruptcy ⬅20(1).

Court which first begins to order and dispose of property will proceed, notwithstanding that owner submits to jurisdiction of bankruptcy tribunal.

4. Bankruptcy ⬅155.

Trustee in bankruptcy takes property subject to all valid claims, liens, and equities.

In Equity. Action by W. M. Wilkinson, trustee, against B. K. Goree, trustee. Order entered affirming referee's ruling for defendant.

Boykin & Ray, George M. Conner, and Capps, Cantey, Hanger & Short, all of Fort Worth, Tex., for complainant.

P. T. Lomax, W. D. Caldwell, Ben G. Smith, and H. T. McGown, all of Fort Worth, Tex., for respondent.

ATWELL, District Judge. Walker Grain Company was adjudicated a bankrupt in this court several years ago. The main stockholder, J. L. Walker, has, during all the time since such adjudication, diligently combated nearly every move made by the creditors and the trustee. Through the weary process of the law, when thus found, final judgments were ultimately entered for certain of the creditors against Mr. Walker. These judgments were duly recorded in the county clerk's office of Tarrant county, in which county Walker's realty was said to be, and thereafter, in June, 1925, orders of sale were issued out of such judgments and the sale was fixed for August 4th, at 2 o'clock p. m. Walker sought an injunction in various courts without avail, and at 2 o'clock, on August 4th, filed a voluntary petition in bankruptcy, and was immediately adjudicated a bankrupt. One of his attorneys went to the place of the sale, arriving there before it had begun, and gave notice of such adjudication. After a few moments' consultation among the attorneys, who were representing the trustee for whom the sale was being made by the marshal, it was decided to go forward with the sale and the sale actually occurred at five minutes after 2 o'clock. The trustee, Wilkinson, bought the property in for a few thousand dollars. The property was worth approximately $300,000. There were many liens against it. The aggregate of such liens, together with the amount of Trustee Wilkinson's judgment, would leave a substantial equity.

It was agreed between Trustee Goree, who was appointed after the adjudication of Walker, and Trustee Wilkinson, that Trustee Goree might retain the possession of the property pending this suit. Thereupon this suit was brought by Wilkinson for the property. The schedules of Walker show him to have been solvent at the time he was adjudged a bankrupt. It is agreed that he was solvent.

[1] Did Wilkinson get title to the realty by a sale which took place under an execution after Walker had been adjudged bankrupt? Section 70 of the Bankruptcy Act (Comp. St. § 9654) provides:

"The trustee of the estate of a bankrupt, * * * shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * to all * * * (5) property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him."

The effect of the adjudication of Walker was to vest in his trustee, by operation of law, the title to all of the bankrupt's property that was not exempt which, prior to the filing of the petition, he could by any

means have transferred. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 307, 32 S. Ct. 96, 56 L. Ed. 208; Matter of Scott (C. C. A. 7th Circuit) 33 Am. Bankr. Rep. 53, 226 F. 201, 141 C. C. A. 653.

[2] The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition, said Mr. Justice Day, in the Harvester Case.

[3] There is a well-recognized judicial and necessary exception. When at the time of the adjudication some other court has actual possession of the res, and is proceeding with reference to it the adjudication shall not disturb such possession. Harmony between and in orders of the various courts of the country is so important as to be paramount. That court, which begins first to order and dispose of property will proceed with such ordering and disposition, even though the owner of such property voluntarily or involuntarily submits to the constitutional jurisdiction of a bankruptcy tribunal. Jones v. Springer, 226 U. S. 149, 33 S. Ct. 64, 57 L. Ed. 161; Lewis v. Schrader (D. C.) 287 F. 893; In re Richardson (D. C.) 294 F. 349.

The execution under which Trustee Wilkinson was selling issued out of this court, and J. L. Walker was adjudicated a bankrupt by this court. If there is any ground for the Wilkinson sale to be valid as against the adjudication, then his diligence should be rewarded by a pronouncement of such validity. But I see none.

While it is true that it is the execution first begun to be executed which is entitled to priority, and that the filing of the bill out of which the execution comes is the beginning of such execution, still, I believe, that the case must turn upon possession rather than priority. Article 3739 of Vernon's Sayles' Texas Civil Statutes 1914, provides: "In order to make a levy on real estate, it shall not be necessary for the officer to go upon the ground, but it shall be sufficient for him to indorse such levy on the writ."

The next article provides that a levy on personal property "is made by taking possession thereof." Trustee Wilkinson had made a paper levy upon Walker's real estate. The marshal of this court had not taken actual possession. Walker could have "transferred" his title to the property at any time. It was in his possession. It was in his custody. The marshal had not taken possession or custody or control of it. He had merely advertised that he was going to make a sale of it under the execution which

had issued on the judgment of this court. [4] Under such a state of facts there can be but one solution. The property passed to Walker's trustee charged with all of the lawful liens that were against it while it was in Walker's possession. One of those liens is the property of Trustee Wilkinson. His rights being acquired before bankruptcy, and not invalidated by bankruptcy, simply remain in statu quo. Trustee Goree takes the property, not as an innocent purchaser, but subject to all of the valid claims, liens, and equities. Page 1643 (13th Ed.) Collier.

Whatever rights Wilkinson had against Walker's property before adjudication he now has against Walker's estate in bankruptcy. To hold otherwise would be to ignore the ascendency of the Bankruptcy Act, and to permit a loss of a large equity which must be advantaged for other creditors.

I think the referee ruled correctly in holding that Wilkinson took no title by his sale, and an order will be drawn accordingly.