## PETITION OF COX.

### In re GINESTI.

(Circuit Court of Appeals, First Circuit.
November 23, 1926.)

No. 2039.

1. Bankruptcy ⊙151, 205—Trustee steps into bankrupt's shoes in respect to property and liens (Bankruptcy Act, §§ 60b, 70a (4), (5), being Comp. St. §§ 9644, 9654).

Trustee steps into bankrupt's shoes as to property and liens, with certain rights of defrauded creditors, under Bankruptcy Act, § 70a (4), (5), being Comp. St. § 9654, and right to recover preferences under section 60b (Comp. St. § 9644).

2. Bankruptcy ⊙213—Mortgagee, making entry to foreclose after involuntary petition was filed against mortgagor, is entitled to rents accruing between date of entry and date of permission to foreclose (Bankruptcy Act, § 67d [Comp. St. § 9651]).

Under Bankruptcy Act, § 67d (Comp. St. § 9651), mortgagee, making entry to foreclose after filing of involuntary petition in bankruptcy against mortgagor and securing appointment of receiver, is entitled to rents accruing between such date and date of permission to foreclose mortgage, in order that they may be applied on indebtedness.

3. Constitutional law ⊙70(1).

Courts cannot create penalties.

Petition to Revise Proceeding of District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

In the matter of the bankruptcy of Domenico Ginesti. Order of the referee requiring Martin Thurston, mortgagee, to turn over rents collected to mortgagor's trustee in bankruptcy, was vacated (12 F.[2d] 456), and Gilbert W. Cox, trustee, petitions to revise. Petition dismissed.

E. Stuart MacMillan, of Boston, Mass. (Barker, Davison & Shattuck, of Boston, Mass., on the brief), for petitioner.

Samuel W. Wolcott, of Boston, Mass., (Henry L. Wadsworth, of Boston, Mass., on the brief), for respondent.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. By this petition to revise the petitioner seeks a reversal of the decision of the District Court that rents collected by a mortgagee who made entry to foreclose after petition filed but before adjudication, cannot be recovered from the mortgagee by the trustee in bankruptcy of the mortgagor.

The involuntary petition was filed April 2, 1925. Eight days later Thurston, the mortgagee, made an entry to foreclose certain second mortgages on the real estate of the bankrupt, filing the usual certificate in the registry of deeds. Adjudication, with the appointment of a receiver, followed on April 15, 1925. The trustee was elected on May 8, 1925. On June 9, 1925, Thurston applied for and received permission to foreclose his mortgages. The rents in controversy accrued during May. The referee, on the trustee's petition, ordered them paid over for the benefit of unsecured creditors. This order was, in a careful opinion by Judge Brewster, reversed. The gist of the appellant's contention is that from the date of the filing of the petition the property was in custodia legis; that the subsequent entry to foreclose without permission of the court was void; that therefore the rents accruing and collected by the mortgagee before foreclosure under permission of the bankruptcy court were a part of the bankrupt's estate.

The result below, 12 F.(2d) 456, was right; the opinion leaves little to be added.

[1] We start with the elementary proposition that the trustee steps into the bankrupt's shoes as to property and liens. 2 Collier on Bankruptcy (13th Ed.) p. 1505. Of course, he also has certain rights of defrauded creditors under Bankruptcy Act, sec. 70a (4), (5), being Comp. St. § 9654, and he may recover preferences. Section 60b (Comp. St. § 9644). But the provisions as to preferences and fraudulent conveyances have nothing to do with this case. It falls under section 67d.

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this act." Comp. St. § 9651.

[2, 3] The real question is, therefore, as to the nature and extent of an admittedly valid lien. Obviously the right of a mortgagee to enter and collect accruing rents is an important part of his lien rights, particularly when, as in this case, the mortgages are second mortgages. The gist of the petitioner's contention is that the filing of an involuntary petition (which may never result in an adjudication), without more, destroys, pro tanto, this right. It is not suggested that Thurston received in the aggregate from the rents now in controversy and the proceeds of the mortgage sales (made under permission of the court) more than the amount of his secured debt. The real contention is that he should

forego a part of his security, apparently as a penalty for entering without obtaining permission of the court. But courts cannot create penalties. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790; Boylston Nat. Bank v. Wainhouse (C. C. A.) 14 F.(2d) 385, 387, and cases cited.

Such a result would be at least inequitable. Bindseil v. Liberty Trust Co., 248 F. 112, 160 C. C. A. 252.

If, after Thurston entered, the trustee had in fact collected the rents for May, they would have to be paid over to the mortgagee, if needed in order to pay his secured debt in full; otherwise, the lien would be destroyed pro tanto.

It hardly need be pointed out that an entry to foreclose is not a foreclosure; that the right to redeem (the only right the mortgagor had) passed unimpaired to the trustee, and was disposed of in proceedings under the control of the bankruptcy court.

The established practice, as we understand it, is that, after the filing of an involuntary petition, pending adjudication, the court recognizes as the only parties to the proceedings the petitioning creditors and the respondent. It is common practice, on application either of such a petitioner or of the respondent, for the court to issue injunctions or to appoint receivers, if prima facie necessary for the conservation of the bankruptcy estate. But, without such application, the rights as well as the remedies of holders of valid liens are not affected. Of course, any abuse, even of legal rights, by lienors, may thereafter be reviewed.

The petitioner's error arises from overextending the rule—"the filing of the petition is a caveat to all the world and in effect an attachment and an injunction." Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405.

But the mortgagee's right now attacked would not have been cut down by an attachment; if we assume an injunction, we must also assume that the court issuing the injunction would have been as careful to preserve the mortgagee's right in the accruing rents as the mortgagor's right of redemption. Literally applied, the language of this rule does not cover the present contention.

The limits of this caveat are stated in May v. Henderson, 268 U. S. 111, 117, 45 S. Ct. 456, 69 L. Ed. 870 (referred to in the opinion of the court below): That after the filing of the petition no one can acquire an interest in the property of the bankrupt adverse to the creditors. Thurston acquired no adverse right; he asserted a right already ac-

quired. Cf., also, Jones v. Springer, 226 U. S. 148, 155, 33 S. Ct. 64, 57 L. Ed. 161.

To sustain the appellant's contention would be to hold Thurston's mortgage affected by the act in the teeth of section 67d, supra; it would amount to transferring a part of his property to or for the benefit of the unsecured creditors.

In Hiscock v. Bank, 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 945, a sale of pledged properties, after petition filed and before adjudication, was held good. The opinion was written by Chief Justice Fuller, who also wrote Mueller v. Nugent. The gist of this decision is stated in that part of the headnote which reads: "The Bankruptcy Act does not deprive a lienor of any remedy with which he is vested by the state law."

After pretty careful examination of the authorities, we find none which, construed in the light of the facts and of the applicable local law relative to liens and mortgages, sustains the petitioner's proposition. There is nothing to indicate that the exercise of the right of entry in Massachusetts, after petition filed, has ever resulted in a depletion of a bankrupt's estate or in improper encroachment upon the broad administrative powers of the Bankruptcy Court.

We hold that Thurston was acting within his rights in making the entry to foreclose.

The petition is dismissed, with costs.