**J. S. & J. F. STRING, Inc., v. BIRKHAHN.**

**In re COMBUSTION SERVICE CORPORATION.**

Circuit Court of Appeals, Third Circuit. January 29, 1929.

No. 3828.

Warren Dixon, of Jersey City, N. J., for appellant.

Weil & Fenster, of New York City (Arthur Weil, of New York City, of counsel), for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and McVICAR, District Judge.

WOOLLEY, Circuit Judge. This appeal is from a turnover order in bankruptcy. The sequence of events is material.

J. S. & J. F. String, Inc., recovered a judgment in a state court against Combustion Service Corporation on a date not named and not important. By writ of execution attachment (not in the record, but recited in another writ), tested the 12th day of July, 1927, the sheriff attached the defendant by its rights and credits in the hands of two of its debtors in the sum of $2,922.-

75. On October 13, 1927, an involuntary petition in bankruptcy was filed against the Corporation and on October 31 it was adjudged a bankrupt. By writ of execution (in the record) issued out of the state court, tested November 16, 1927, the sheriff was commanded that by sale of the property previously attached he cause to be made the damages and costs of the judgment. A trustee for the bankrupt was elected, whether immediately preceding or succeeding the issuance of this writ is uncertain and unimportant. Later, on December 2 and 12, 1927, the sheriff (whether by garnishment or otherwise) collected sums from the two attached debtors of the bankrupt aggregating the amount · named, and on December 15 turned over the money to String, Inc., the attaching creditor. When the trustee, in administering the bankrupt estate, was informed by the two attached debtors that they had paid their debts to the sheriff under execution process, he filed a petition in the District Court reciting these facts, alleging that all acts done by String were done with full knowledge of the pending bankruptcy of its debtor and praying that it account for and pay to him as trustee all moneys received subsequent to the filing of the petition in bankruptcy. The court granted the prayer of the petition by the order here on appeal.

In making this order from the bench the learned judge fell into error, doubtless because he was impressed, as we were at the argument in this court, by the entirely truthful yet not entirely sufficient assertion by counsel for the trustee, repeated with vigor, that, "the execution was issued, the money was collected by the sheriff thereunder and turned over to the appellant long subsequent to the filing of the petition in bankruptcy, the adjudication of the bankrupt and the election of the trustee," conveying the impression that everything happened after the filing of the petition. That statement is correct so far as it goes, but it does not include what evidently escaped the learned trial judge, and what at first escaped us, that there were two writs of execution; one, an execution attachment issued (and, as we gather from the briefs, executed) *before* the filing of the petition, the adjudication and the election of the trustee under which liens within section 67f of the Bankruptcy Act (11 USCA § 107 (f) may have been created; and, the other, an execution to sell the property so attached, issued *after* the filing of the petition, the adjudication and the election of the trustee. It was under the latter writ

that the *collection* was made but it was under the former that the attachments were laid and the *liens*, if any, were obtained, the validity of which is controlled by the terms of and the adjudications upon the cited section of the Bankruptcy Act. Having brought into view the two writs of execution and pointed out their dates of issue and having distinguished between their character and legal operation, the questions in the case are directed not to the writ under which the *collection* was made but solely to the writ under which the *attachments* were laid, by which, if at all, liens on the property of the bankrupt were obtained "within four months prior to the filing of the petition in bankruptcy."

▇ String, Inc., the appellant, assails the turnover order on three grounds. The first is that:

The trustee's petition, praying that String account for and pay over to him the moneys it had received under the execution process, did not aver facts sufficient to sustain the order, in that the petition did not allege that the bankrupt was insolvent at the time the liens were obtained by attachment and that its insolvency at the time of the attachment does not otherwise appear in the proceedings.

Judging from their briefs, both parties concede that the provision of the Bankruptcy Act controlling this question is section 67f (Comp. Stat. § 9651; 11 USCA § 107(f), whose language here material is as follows:

"All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same."

True, the trustee's petition is silent as to insolvency of the corporate person against whom the liens by attachments were obtained within four months prior to the filing of the petition in bankruptcy, but the statute is, with respect to insolvency of such person at that time, very articulate. It expressly provides for voiding such a lien in case the person was, at the time of the attachment and within the named period, insolvent, and impliedly provides the converse that if the person was not insolvent at the time of the attachment, his subsequent adjudication as a bankrupt will not nullify such a lien. While it was at one time thought that under section 67f an execution lien obtained within four months prior to the filing of a petition in bankruptcy is nullified by subsequent adjudication of the execution debtor, regardless of whether the debtor was solvent or insolvent at the time the lien was obtained, and although cases are cited to support that proposition, particularly Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122, and Clarke v. Larremore, 188 U. S. 486, 23 S. Ct. 363, 47 L. Ed. 555 (in which it should be noted the insolvency aspect of the provision was not considered), the pronounced trend of decisions has been to the contrary. As early as Simpson v. Van Etten (C. C.) 108 F. 199, decided in 1901, Judge Dallas interpreted this nullifying provision as applying only to cases where liens are obtained against a person who is "insolvent" and accordingly entered judgment for defendants because of the plaintiffs' failure to aver and prove that "essential fact". From a group of cases of similar import we select In re Ann Arbor Machine Co. (D. C.) 278 F. 749, where, in 1922, Judge Tuttle, on a review of the law to which we desire to subscribe, so interpreted the provision. And finally the Supreme Court in Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770, gave section 67f a like interpretation, citing the Ann Arbor Machine Co. decision to illustrate its ruling that:

"The statute does not, as a matter of substantive law, declare void every lien obtained through legal proceedings within four months of the filing of the petition in bankruptcy. The lien may be valid, because the debtor was, in fact, solvent at the time the levy was made."

It follows, on this law if on no other, that the turnover order here under review and made on a trustee's petition which did not allege insolvency at the time the liens were obtained within the four months' period is error and must be set aside unless, as the trustee urges, the bankrupt's insolvency was established by the involuntary petition in bankruptcy.

▇ Although the petition in bankruptcy in this case is not in the record, we may assume, because of the subsequent adjudication, that it alleged that the bankrupt was insolvent and, when in that situation, committed an act of bankruptcy; yet, even so, the adjudication does not as matter of fact establish the bankrupt's insolvency on the date of the liens even though it was insolvent within four months of the filing of the petition. While it has long been decided that a voluntary adjudication does not conclusively

show insolvency of the bankrupt at any time prior thereto, because a voluntary adjudication in its very nature is not dependent upon such insolvency, In re Ann Arbor Machine Co., supra, there has been a difference of opinion as to whether adjudication in a case of involuntary bankruptcy is conclusive evidence of the bankrupt's insolvency. That question has, however, been set at rest by the Supreme Court in Gratiot County State Bank v. Johnson, 249 U. S. 246, 248, 249, 39 S. Ct. 263 (63 L. Ed. 587) where it held that it is not such evidence. The law of that case leaves the trustee here without either allegation or evidence of the asserted fact that the bankrupt was insolvent on the critical date.

String, the appellant, next contends that when, after the bankrupt's adjudication, the money recovered on the second execution was turned over by the sheriff, it became a bona fide owner for value, without notice. As to notice, the adjudication was notice to String and the rest of the world. Gratiot County State Bank v. Johnson, supra; and as to the bona fides of its holding, String was not a purchaser for value in the sense of Jones v. Springer, 226 U. S. 148, 33 S. Ct. 64, 57 L. Ed. 161, or a holder otherwise than by force of its attachment process, whose character, of course, persists throughout.

And finally, String urges that of property never in the possession of the trustee and to which it makes claim of title it cannot be divested by a turnover order summarily made by a court of bankruptcy, but has a right to trial in a plenary action. Its position is sustained by Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 430 et seq., 44 S. Ct. 396 (68 L. Ed. 770).

The order of the District Court is reversed without prejudice to either party to proceed according to law.