Harry L. McKENZIE and the Employers Liability Assurance Corporation, Ltd., Appellants,

v.

COMMONWEALTH of Kentucky, for the Use and Benefit of Willard HICKS, Appellees.

Court of Appeals of Kentucky.

Oct. 4, 1963.

Rehearing Denied Jan. 17, 1964.

J. K. Wells, Paintsville, C. Kilmer Combs, Prestonsburg, for appellants.

Cassie Allen, Scott Collins, Paul Hayes, Robert Wellman, Prestonsburg, for appellees.

EARL T. OSBORNE, Special Commissioner.

This is an action by Willard Hicks against Harry L. McKenzie, former sheriff of Johnson County, Kentucky, and the Employers Liability Assurance Corporation, LTD, for the recovery of the amount of an execution and thirty percent penalty thereon plus interest. The basis of the action is the failure of the sheriff to consummate the sale of property levied on under

an execution issued from the Floyd Circuit Court in favor of the Appellee, Willard Hicks. It is prosecuted under the provisions of KRS 426.350.

The execution was issued from the Floyd Circuit Court with the return date of March 1, 1954, and was delivered to appellant McKenzie on January 6, 1954. The records of the Floyd Circuit Court do not show that the execution was ever returned to that court after it was placed in the hands of the sheriff. Also, appellee gave the sheriff a list of property upon which to levy and the sheriff required of the appellee an indemnity bond which bond was executed by appellee. A levy was made upon the property and a sale was conducted on March 1, 1954. The evidence discloses and it is not disputed that the sheriff delayed the sale for some indefinite period of time as he was expecting an order of a referee in bankruptcy staying the proceedings of the sale. The order did not arrive and the property was duly sold (but the sale was never carried out). The property had an appraised value of $4,500.00 and consisted of a house, seven lots, two gas wells and transmission lines and either one or two motor vehicles. After the sale, on March 9, 1954, the sheriff wrote Mr. Nathan Elliott, Referee in Bankruptcy, Security Trust Building, Lexington, Kentucky, in which he advised Mr. Elliott that he had just learned of the bankruptcy and asked advice of the referee as to what disposition to make of the property. On March 12, 1954, the sheriff received from Bunyan S. Wilson, Jr., Trustee in Bankruptcy for Hursh Williams Pack, the judgment debtor, a letter advising the sheriff that he had been appointed trustee for the debtor and that Mr. Pack had filed his petition to be adjudged a bankrupt on February 15, 1954, and that title to all of Mr. Pack's property was now in the trustee in bankruptcy and that with the matter in the hands of the federal courts none of the property could be sold or disposed of except by permission or order of the referee in bankruptcy. On March 18, 1954, Mr. J. Nathan Elliott, Referee in

Bankruptcy, wrote the sheriff in reply to his letter of March 9, 1954, advising the sheriff that any attachment lien obtained within four months of the bankruptcy would be null and void because of the bankruptcy proceedings and further adding "I take it that would be in reference to the execution that was issued in the Floyd Circuit Court in the case of Willard Hicks against Pack." The letter advised the sheriff that "I am glad you have not executed the deed or advertised the truck for sale as it would be well not to incur any additional expenses." Appellant's defense was built around the above letters and he contended that in view of these letters he was justified in not consummating the sale. He testified that he endorsed a return upon the execution to the effect that there was a bankruptcy proceeding pending and returned same by mail to the Floyd Circuit Court (this was more than 30 days after he had received the execution). The record discloses that on the 2nd day of April, 1954, the property under execution was disclaimed by the referee in bankruptcy and returned to the estate of the bankrupt. There is no indication in the record that the sheriff was given notice of this action by the federal court or the referee or trustee in bankruptcy. Appellee contends that under the provisions of KRS 426.350 the sheriff is liable for the amount of judgment with interest plus thirty percent penalty for not consummating the sale and making timely return of the execution in question. This statute provides as follows:

"Liability of officer for failing to make return in time; exceptions. (1) Any sheriff or like officer in whose hands a writ of execution is placed, who fails, without reasonable excuse, to return the writ to the office where it was issued within thirty days after the return day, shall, with his sureties or the personal representatives, heirs or devisees of either, be liable jointly and severally to the plaintiff in the execution for the amount of the execution, with thirty percent damages thereon

and the cost of recovery. The remedy shall be the same as provided in KRS 426.360.

"(2) The provisions of subsection (1) of this section shall not apply to any case in which the collecting officer had, at the commencement of the proceeding, paid the plaintiff the amount of the execution. If he had paid in part, then the thirty percent damages shall only be adjudged against him upon the portion unpaid.

"(3) If the defendant in an execution is insolvent, and has no property in the county out of which the execution or any part thereof can be made, the collecting officer shall not be held liable for the amount of the execution for failing to comply with the provisions of subsection (1) of this section, but shall be liable for thirty percent of the amount of the execution."

■ The trial court after hearing the case by deposition entered a finding of fact and conclusion of law and found as a fact that the value of the property which came into the hands of the appellant could reasonably have been expected to have satisfied the amount of the original judgment, that the appellant did not make return of the execution nor make a good faith attempt to return the execution to the Floyd Circuit Court within thirty days after the return date thereof and that appellant further failed to offer any reasonable excuse for not so making a return. The court concluded as a matter of law that the advice and information which the appellant obtained from the referee and trustee in bankruptcy concerning the bankruptcy proceedings were not sufficient excuse for the sheriff to not consummate the sale and make return of the execution and that there was never any order entered by the bankruptcy court staying the sale or enjoining the proceedings under the execution. The court further found that the discharge in bankruptcy acted only in personam but that the execution constituted a lien upon the property of the bankrupt and that proceedings upon said execution were still possible and that the sheriff should be held liable under the provisions of KRS 426.350 and that he in turn should be subrogated to the rights of appellee under the provisions of KRS 426.380. Following which findings and conclusions the Court entered judgment for the appellee in the amount of $5,401.05, the principal amount of the original judgment plus interest to the date of execution, upon which he added a further amount of thirty percent damages or the sum of $1,620.33, or a total of $7,021.38, and the cost which was $17.35 and upon this amount he awarded interest at the rate of six percent from the 1st day of March, 1954, until paid together with the cost of this action. The court further adjudged that the Employers Liability Assurance Corporation, LTD, be limited in their liability to the sum of $5,000.00, the total amount of the bond then in effect, and awarded judgment over and against the defendant Harry L. McKenzie on behalf of the Employers Liability Assurance Corporation, LTD, in this amount.

We are of the opinion that there is substantive evidence to support the findings of fact of the trial judge. It not only appears from the record that the appellant failed to use due diligence to consummate the sale and make return upon the execution but it further appears that he overtly sought reasons and excuses for delaying the sale by writing the referee in bankruptcy, thereby avoiding his clearly defined duties under the law of this Commonwealth. The trial judge further found that the execution was not returned to the Floyd Circuit Court within thirty days after its return date and we are of the opinion that there is substantial evidence to support this finding.

The next question presented is whether the notices received by appellant from the referee and trustee in bankruptcy were sufficient to warrant the sheriff in staying proceedings upon the execution and sale and thereby exonerate him from the provisions of the foregoing statute.

In determining this question we must of necessity go to the provisions of the Federal Bankruptcy Act and to the rulings of the Federal Courts thereunder. Clause (1) of subdivision a of section 67 of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a, FCA Title 11, Section 107, sub. a, as amended by the Amendatory Act of 1938, provides as follows:

"Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy or of an original petition under chapter X, XI, XII, or XIII of this Act by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this Act: Provided, however, That if such person is not finally adjudged a bankrupt in any proceeding under this Act and if no arrangement or plan is proposed and confirmed, such lien shall be deemed reinstated with the same effect as if it had not been nullified and voided."

■ A lien obtained through the rendition of a judgment against the bankrupt or the levy of an execution upon his property is not automatically nullified by the adjudication in bankruptcy, albeit the bankruptcy court is given summary jurisdiction in the premises. The question of nullification or no nullification is one which the parties are entitled to have determined judicially. See 6 American Jurisprudence, page 1159, section 1014.

"A lien is not nullified automatically as one obtained by legal proceedings within four months of bankruptcy. The establishment of the requisite elements of nullification presents questions calling for judicial determination. A judgment is not to be summarily stricken off for the reason only that it was rendered and entered within four months of the bankruptcy of the defendant." (6 American Jurisprudence, page 1172, section 1043.)

\*    \*    \*    \*    \*    \*

"The jurisdiction of the bankruptcy court over a lien by legal proceedings is confined to cases in which the lien is one nullified by the bankruptcy. The recognition, under principles of comity, of the jurisdiction of a state court over property which it has brought within its custody by the service of its process in an action against the owner prior to the filing of a petition in bankruptcy by or against the owner, is subject to the power of the bankruptcy court to invalidate the lien obtained by the levy. \* \* \* But where, under an attachment levied before the petition in bankruptcy was filed, the property had been put into the hands of a receiver without notice of the petition, the local court having the actual custody of the res has the power to preserve the subject matter of the controversy, before notice of the bankruptcy proceedings. Moreover, the state court may proceed to judgment and appropriation of the property attached in the absence of action taken to assert the exclusive jurisdiction of the bankruptcy court." (6 American Jurisprudence, page 596, section 56).

In Connell v. Walker, 291 U.S. 1, 54 S.Ct. 257, 78 L.Ed. 613, the Supreme Court of the United States had the specific problem before it as to whether or not a proceeding in bankruptcy automatically terminated a lien created by attachment issued from a state court because the attachment was procured when the bankrupt was insolvent and within four months before the petition in bankruptcy. The court held that the mere institution of the bankruptcy proceedings did not invalidate the lien created by the attachment and in the course of its opinion pointed out that the referee or trustee could have procured from the court such orders as were necessary to have en-

joined the attachment proceedings. In the course of its opinion the court states:

"Bankruptcy proceedings do not, merely by virtue of their maintenance, terminate an action already pending in a nonbankruptcy court, to which the bankrupt is a party. Pickens v. Roy, 187 U.S. 177, 23 S.Ct. 78, 47 L.Ed. 128; Jones v. Springer, 226 U.S. 148, 33 S. Ct. 64, 57 L.Ed. 161; Straton v. New [283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060], supra. This is obviously the case where the suit like the present one is brought by a creditor to set aside a fraudulent conveyance of the bankrupt, made more than four months before the petition in bankruptcy. The right asserted is one given the creditor by state law which the Bankruptcy Act withdraws from him only upon the election of the trustee to assert the rights of the creditor, as he is privileged to do. * * * The question remains whether, the trustee having failed to assert any rights with respect to the pending action, the state court was required to stay it by any provision or necessary implication of the Bankruptcy Act. We find it unnecessary to decide whether section 11a, U.S.C.A. § 29(a), authorizing a stay of certain suits pending against a bankrupt, lays down a rule for nonbankruptcy as well as bankruptcy courts, or whether it is applicable to suits like the present one or whether the bankrupt may invoke its provisions. For, if applicable here, the authority given by that section to stay pending suits after adjudication, which has taken place here, is not mandatory, but permissive, to be exercised in the sound discretion of the court. THERE IS NO SUGGESTION THAT THERE WAS ANY ABUSE OF DISCRETION BY THE STATE COURT IN REFUSING TO STAY ITS HAND ON THE BARE SHOWING BY THE FRAUDULENT BANKRUPT THAT THERE HAD BEEN AN ADJUDICATION IN BANKRUPTCY. It does not appear that there is any creditor other than respondent, or that the trustee had not been advised of the suit, or that the bankrupt could not by giving notice to the trustee, have afforded the trustee ample opportunity to assert his rights if there were other creditors to protect."

▮ Under the provisions of KRS 426.120 there was a lien created upon the property of the execution debtor at the time the execution was issued by the clerk and this lien continued so long as the execution remained alive in the hands of the sheriff. (Webster v. Industrial Acceptance Corporation, 234 Ky. 613, 28 S.W.2d 959.) As there was no order issued by the federal court nullifying this lien and as the trustee or referee in bankruptcy took no proceeding in the federal court to set aside this lien or subject the property of the bankrupt to the orders of that court the state court retained jurisdiction and the appellant therefore had no legal cause or excuse not to proceed with the sale under the terms of the execution.

▮ As to the question of interest awarded by the trial judge, it is our opinion that he erred in awarding interest upon the penalty and upon the amount of the execution, from the returnable date of the execution. There is no basis for allowing interest on the penalty until the penalty has been *adjudicated*. Since the liability of the sheriff for the amount of the execution is likewise in the nature of a penalty, interest should not be allowed upon it except from the date of adjudication of the liability. The judgment should have awarded interest on the amount of the execution and penalty only from the date of the judgment.

It is recommended that the judgment be reversed as to the allowance of interest and that the trial court be directed to enter judgment in accordance with this opinion, but that in all other respects the judgment be affirmed.

The opinion is approved and the judgment is affirmed except as to the allowance of interest, concerning which the trial court is directed to enter judgment in conformity with the opinion.